OPINION
{¶ 1} J.F.F., a minor, admitted the charge of attempted gross sexual imposition in the Common Pleas Court of Miami County, Juvenile Division, and was therefore found to be a delinquent. He was sentenced to an indefinite term at the Department of Youth Services ("DYS") and was designated as a juvenile sex offender registrant. J.F.F. appeals from his conviction, challenging his sentence and classification as a juvenile sex offender registrant.
 {¶ 2} On July 1, 2004, J.F.F. was charged by complaint with gross sexual imposition, a felony of the third degree if committed by an adult. On August 27, 2004, he admitted to the charge of attempted gross sexual imposition, a felony of the fourth degree if committed by an adult, by agreement with the state. J.F.F. was sentenced to DYS, with numerous conditions and requirements, and was fined $300. After a hearing, the court also classified J.F.F. as a juvenile sex offender registrant.
 {¶ 3} J.F.F. raises three assignments of error on appeal. The first and third assignments raise similar issues, and we will address them together.
I. "The trial court erred in requiring the appellant to register as a juvenile sex offender registrant."
II. "The trial court abused its discretion in sentencing the juvenile to the department of youth services."
 {¶ 4} Under his first assignment of error, J.F.F. claims that he was improperly designated as a juvenile sex offender registrant because he had not previously been convicted of, pleaded guilty to, or been adjudicated a delinquent child for committing any sexually oriented offense, which is one of the requirements of the juvenile sexual offender registrant adjudication set forth at R.C. 2152.82(A). J.F.F. points out that he was previously adjudicated a delinquent for committing an assault.
 {¶ 5} The state points out that the trial court specifically recognized that J.F.F. had not previously been adjudicated a delinquent for a sexually oriented offense as required by R.C. 2152.82(A). It points out, however, that such a finding is not required for a juvenile sexual registrant adjudication pursuant to R.C. 2152.83(B), which is the statute upon which the trial court relied in making its finding.
 {¶ 6} A "juvenile offender registrant" means a person "who is adjudicated a delinquent child for committing on or after January 1, 2002, a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense, who is fourteen years of age or older at the time of committing the offense, and who a juvenile court judge, pursuant to an order issued under section2152.82, 2152.83, 2152.84, or 2152.85 of the Revised Code, classifies a juvenile offender registrant and specifies has a duty to comply" with various reporting requirements. R.C. 2950.01(J).
 {¶ 7} R.C. 2152.83(B)(1) provides:
 {¶ 8} "The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child * * * a hearing [to determine whether the child should be classified as a juvenile offender registrant] if all of the following apply:
 {¶ 9} "(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense that is not a registration-exempt sexually oriented offense or is a child-victim oriented offense that the child committed on or after January 1, 2002.
 {¶ 10} "(b) The child was fourteen or fifteen years of age at the time of committing the offense.
 {¶ 11} "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code."
 {¶ 12} Gross sexual imposition is a sexually oriented offense pursuant to R.C. 2950.01(D)(2)(a), and it is undisputed that J.F.F. was fourteen years old at the time of the offense. J.F.F. himself has argued that classification as a juvenile offender registrant pursuant to R.C. 2152.82
would have been inappropriate because he had not committed a prior sexually oriented offense, and we agree with this assessment. As such, the trial court properly conducted an R.C. 2152.83(B)(1) hearing on J.F.F.'s classification.
 {¶ 13} J.F.F. further argues that the evidence did not support the court's conclusion that he should be labeled a juvenile sex offender registrant. This argument is closely related to J.F.F.'s third assignment of error, wherein he claims that he should not have been sentenced to a period of confinement at the Department of Youth Services. Both of these arguments implicate the manner in which the trial court weighed the evidence presented.
 {¶ 14} R.C. 2152.83(E) sets forth numerous factors to be considered in deciding whether a delinquent child should be classified as a juvenile offender registrant, but the list is not exhaustive. These factors include the nature of the sexually oriented offense, demonstration of remorse, result of treatment provided to the child, the child's age and criminal record, the age of the victim(s), the number of victims, the cruelty of the offense, and the physical or mental injury suffered by the victim(s). See, also, R.C. 2950.09(B)(3) and R.C. 2929.12(B). The classification must be supported by clear and convincing evidence. See R.C. 2152.83(C).
 {¶ 15} With respect to J.F.F., the trial court found that he was fourteen at the time of the offense, and the victim was nine. The offense involved J.F.F. placing his hand "inside the victim's pants in the vaginal region." J.F.F. did not display cruelty or a pattern of abuse, and he had not impaired the victim with drugs or alcohol. The court noted, however, that the charge in J.F.F.'s prior assault conviction had been amended from a charge of gross sexual imposition, and the court heard evidence about the facts surrounding that offense. He had been ordered into sexual offender treatment as a result of that offense and had been ordered as a condition of his probation not to have contact with children younger than himself without adult supervision.
 {¶ 16} J.F.F.'s sexual offender therapist testified that J.F.F.'s participation in group therapy had tapered off over time and that he had repeatedly lost the workbook that was designed to help him identify the cycles of sexual offending. He eventually stopped coming to the group altogether. She also testified that "any time a young man is in treatment and they commit a sexual offense while in treatment and don't deal with it while in treatment the risk level [for reoffending] increases."
 {¶ 17} The trial court expressed grave concern that J.F.F. had reoffended after 23 sessions of treatment and noted that, although he was somewhat able to articulate what he had learned in treatment, he seemed unable to apply it to his life. The court also expressed concern that J.F.F. did not know the names of his victims, seeing that as "evidence that he does not see his victims as human beings, as people, but he sees them as objects."
 {¶ 18} Based on the evidence presented, the trial court could have reasonably found by clear and convincing evidence that J.F.F. should be designated as a juvenile offender registrant. The bases for the trial court's concern, particularly the apparent ineffectiveness of prior treatment, were entitled to significant weight. The trial court could have reasonably concluded that J.F.F.'s risk of reoffending was high, thereby warranting his classification as a juvenile offender registrant.
 {¶ 19} We reject J.F.F.'s argument that the trial court did not conduct a thorough review of the statutory factors relating to J.F.F.'s classification. The bases for the trial court's concerns were evident by the judge's comments and questions throughout the proceedings, and the excerpt quoted in J.F.F.'s brief is misleading in this regard. We also note that the trial court was not required to order a formal assessment of J.F.F.'s risk of reoffending by a sexual offender therapist or other professional upon which it could base its determination, as J.F.F. suggests. The legislature has entrusted the trial court to make this determination based upon the statutory factors.
 {¶ 20} With respect to the sentence to the DYS, J.F.F. also argues that the trial court did not properly weigh all of the relevant statutory factors. Specifically, he argues that the court should have given more weight to the testimony of J.F.F.'s parents that they would follow through with his treatment, to the sex offender therapist's opinion that the public could be protected by "further treatment of some type," and to J.F.F.'s own expressions of remorse. J.F.F. acknowledges, however, that sentencing is within the sound discretion of the trial court.
 {¶ 21} We cannot conclude that the trial court failed to adequately weigh the testimony of J.F.F.'s parents and his therapist. J.F.F.'s parents did not actually testify, and their discussion with the judge related primarily to which parent should have custody of J.F.F. — his mother, who lived in Kentucky, or his father, with whom he had been living at the time of the offense. Both parents believed that J.F.F. should reside with his mother and seek treatment in Kentucky. However, the court questioned J.F.F.'s mother on the adequacy of J.F.F.'s supervision in light of the fact that she worked from three until eleven p.m.
 {¶ 22} With respect to the therapist, J.F.F.'s brief misrepresents her testimony when he states that she "indicated that [J.F.F.] would be adequately punished and that the public would be sufficiently protected by further treatment of some type. It is clear from her testimony that the matter could be handled in the community." The therapist actually said that "if there was an assessment done it, it is possible that he could still be dealt with in the community." However, she expressed concern that J.F.F. had reoffended while in treatment and indicated that he had not been "terribly honest in group." She also expressed concern about J.F.F. continuing in group therapy after reoffending because of the message it would send to other kids in the group. She testified that it would be "very helpful" to J.F.F. for him to be in a structured, confined setting.
 {¶ 23} Finally, J.F.F. argues that his "genuine remorse for his actions" was not given proper weight. The trial court was in the best position to judge whether J.F.F.'s remorse was genuine, and it expressed doubt in that regard. We will not second guess its assessment on appeal.
 {¶ 24} The testimony of the therapist and the comments of J.F.F. and his parents do not demonstrate that the trial court abused its discretion in sentencing J.F.F. to the Department of Youth Services.
 {¶ 25} The first and third assignments of error are overruled.
 {¶ 26} "The trial court erred in finding that the juvenile had entered a knowing, intelligent and voluntary plea."
 {¶ 27} J.F.F. claims that the court did not adequately advise him of his rights before accepting his plea. He admits that the rights "may have" been explained to him at the initial appearance but claims that they were not explained to him at the time the plea was entered.
 {¶ 28} At his plea hearing, the trial court asked J.F.F. if he remembered the complaint that was read at his prior court appearance. J.F.F. indicated that he did remember and declined to have the complaint re-read. The court reminded J.F.F. of his right to a public defender, his right to a trial, his right to testify in his defense or to remain silent, his right to call witnesses and to cross-examine the state's witnesses, and it informed J.F.F. that he would be waiving these rights by entering a plea. J.F.F. indicated that he understood these rights and wanted to enter the plea. The court also explained to J.F.F. that he could be committed to the Ohio Department of Youth for a minimum of six months, not to exceed his twenty-first birthday. The court further discussed the ramifications of a possible transfer of J.F.F.'s case to Kentucky. J.F.F. indicated that he understood all of these possibilities.
 {¶ 29} J.F.F. has not raised any specific argument as to shortcomings in the trial court's review of J.F.F.'s rights and the effect of his plea. The primary cases on which he relies, In re Nation (1989),61 Ohio App.3d 763, 573 N.E.2d 1155, and Von Moltke v. Gillies (1948),332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed.2d 309, relate to the right to counsel, which is not implicated under the facts of this case. Based on our review of the plea hearing, we are wholly unpersuaded that J.F.F.'s plea was not knowing, intelligent, and voluntary.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.