OPINION
{¶ 1} Defendant-appellant, Jerry L. Downs ("Downs"), appeals the April 29, 2004 judgment entry of the Ashtabula County Court, Eastern District, denying Downs' appeal of his administrative license suspension. For the following reasons, we dismiss the appeal as moot.
 {¶ 2} On February 12, 2004, a complaint was filed charging Downs with Operating a Vehicle under the Influence, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1), and Failure to Control, a minor misdemeanor in violation of R.C. 4511.202. At the time of arrest, Downs refused to submit to a chemical test and, therefore, was placed under an Administrative License Suspension ("ALS").
 {¶ 3} Downs appealed the suspension. On April 6, 2004, an administrative license suspension hearing was held in county court. Neither Downs nor the State introduced witnesses. The only evidence submitted to the court was the BMV Form 2255, issued to Downs on February 11, 2004. The court held that Form 2255 was "prima facie evidence of the appropriateness of the ALS suspension" and denied Downs' appeal. This form, which indicated without explanation that Downs had failed to control his vehicle, failed to establish that the arresting officer had reasonable grounds for believing Downs was operating a vehicle under the influence. Cf. State v. Wojtaszek, 11th Dist. No. 2002-L-016, 2003-Ohio-2105, at ¶ 16 (minor traffic violations justify the stop of a vehicle for the limited purpose of issuing a citation) (citation omitted). This appeal follows.
 {¶ 4} Downs raises the following assignment of error: "The trial court erred in finding that there was reasonable grounds to believe that the arrested person was operating a vehicle in violation of division (A) of section 4511.19 of the Ohio Revised Code."
 {¶ 5} The issue of Downs' ALS became moot on October 13, 2004, upon his conviction for Operating a Vehicle under the Influence and Failure to Control, or, at the latest, one year after its imposition. See R.C.4511.197(D) ("the suspension shall continue until the complaint alleging the violation for which the person was arrested and in relation to which the suspension was imposed is adjudicated on the merits or terminated pursuant to law").[1]
 {¶ 6} "It is well established that courts do not have jurisdiction to consider moot issues; rather, courts decide actual cases in controversy."In re Goff, 11th Dist. No. 2001-P-0144, 2003-Ohio-6768, at ¶ 8, citingCarver v. Deerfield Twp. (2000), 139 Ohio App.3d 64, 77.
 {¶ 7} Accordingly, we do not reach the merits of Downs' argument and the appeal is dismissed as moot.
O'Neill, J., Rice, J., concur.
[1] However, when a defendant is acquitted of the underlying criminal complaint, the ALS for refusal to take the test does not terminate. A defendant would then have the opportunity to appeal the suspension. R.C.4511.197(D).