OPINION
{¶ 1} Appellant, Jeremy L. Winland, appeals the trial court's August 25, 2003 judgment entry sentencing him to twelve months imprisonment.
 {¶ 2} On June 3, 2003, during his plea hearing, appellant admitted that, while doing some work at the home of a woman with whom he attended church, he took her checkbook, wrote checks, and cashed the same. Appellant indicated during this period he was using crystal methamphetamine. Appellant was charged by way of information with five counts of Theft of a Check, in violation of R.C. 2913.02(A)(1) and (B), felonies of the fifth degree and one count of Forgery, in violation of R.C. 2913.31(A)(1), also a felony of the fifth degree. Appellant pleaded guilty to all counts. The court, satisfied appellant understood the nature of the charges and his rights in connection with the proceedings accepted his plea. After an August 21, 2003 sentencing hearing, appellant was sentenced to the maximum twelve months on each count; all sentences to run concurrently. Appellant assigns the following errors for our examination:
 {¶ 3} "[1.] Judge Gary Leo Yost abused his discretion when he gave appellant a twelve month prison sentence."
 {¶ 4} "[2.] Appellant's constitutional rights were violated when he was given the maximum possible sentence for grand theft and forgery based upon findings of fact that were neither agreed to by counsel nor found by the jury."
 {¶ 5} Under each of his two assigned errors, appellant challenges his sentence. However, appellant has served the twelve month sentence on which the current appeal is based. On May 20, 2005, this court issued an order to show cause as to why appellant's arguments should not be dismissed as moot. Appellant failed to respond to our order.
 {¶ 6} We cannot grant relief to a defendant who has served his or her sentence if the underlying conviction or plea itself is not an issue. As appellant has alleged no collateral disability or loss of rights which might be remedied by a modification of his sentence, the instant appeal is therefore moot. State v. Mayle, 11th Dist. No. 2002-A-0110, 2004-Ohio-2203, at ¶ 3; see, also, State v. Frasure, 11th Dist. No. 2002-A-0014, 2003-Ohio-2538, at ¶ 11. As our review is limited to actual cases in controversy, we do not have jurisdiction to consider moot issues. State v. Downs, 11th Dist. No. 2004-A-0029, 2005-Ohio-2520, at ¶ 6.
 {¶ 7} Accordingly, we do not reach the merits of appellant's arguments and the current appeal is hereby dismissed as moot.
O'Neill, J., Grendell, J., concur.