JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Zachary Freer, appeals from a judgment of the Cuyahoga County Court of Common Pleas adjudicating him a sexual predator. For the following reasons, we affirm.
 {¶ 2} In July 1995, Freer pleaded guilty to two separate rape cases. In the first case, he pleaded guilty to raping a fourteen year-old girl with severe mental retardation in Febrary 1995. In the second case, he pleaded guilty to raping a twelve year-old girl in April and May of 1994. The trial court sentenced Freer to eight to twenty-five years in prison for each case, and ordered that they run concurrently to one another.
 {¶ 3} On January 11, 2007, the trial court held a sexual offender classification hearing. At the hearing, the court determined that Freer should be classified as a sexual predator. Freer now appeals this classification and raises three assignments of error for our review:
 {¶ 4} "[1.] The state failed to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'
 {¶ 5} "[2.] The trial court erred in failing to make a finding regarding the appellant's status as a potential habitual sexual offender.
 {¶ 6} "[3.] R.C. 2950.031 violates the due process clauses of the United States and Ohio Constitutions." *Page 4 
 {¶ 7} In his first assignment of error, Freer maintains that the state did not meet its burden in proving that he is likely to reoffend in the future.
 {¶ 8} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, the Ohio Supreme Court clarified the standard of review applicable to sex offender classifications. The Supreme Court held that "[b]ecause sex-offender classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's finding are supported by some competent, credible evidence." Id., at the syllabus.
 {¶ 9} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference than the criminal standard." Id. At ¶ 26. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed." Id., citing C.E. Morris Co. v. Foley Constr Co. (1978), 54 Ohio St.2d 279.
 {¶ 10} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson, supra, at ¶ 20; R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that `will produce in the *Page 5 
mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Wilson at ¶ 20, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The "clear-and-convincing standard requires a higher degree of proof than a `preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.'" Id., quoting State v. Ingram (1992),82 Ohio App.3d 341, 346. Thus, "a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 12} In making a determination as to whether an offender is a sexual predator pursuant to R.C. 2950.09(B)(3), the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to: the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense, whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental illness or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j). *Page 6 
 {¶ 13} In the instant matter, because Freer pled guilty to rape, the first prong of R.C. 2950.01(E)(1) has been met. Therefore, this court must determine the second prong of R.C. 2950.01 (E)(1), namely, whether the evidence shows by clear and convincing evidence that Freer will likely engage in one or more sexually oriented offenses in the future.
 {¶ 14} After reviewing the record, we conclude the trial court did not err when it classified Freer as a sexual predator. The trial court relied on a Court Psychiatric Clinic Sexual Predator Evaluation, which included a clinical interview, a STATIC-99 assessment, and an Abel assessment for sexual interest, as well as the North Central Correctional Institution H.B. 180 Packet.
 {¶ 15} The trial court found the following R.C. 2950.09(B)(3) factors favored labeling Freer a sexual predator: (1) Freer was twenty at the time of the two separate rape offenses, and the victims were fourteen and twelve; (2) although Freer did not have prior sexual offenses, there were two separate cases here, with two separate victims; (3) Freer had been convicted of domestic violence as an adult, and he had a prior record as a juvenile, including shoplifting, breaking and entering, runaway, and curfew; (4) the relationship of Freer to the victims; he was in a position of power over them; the fourteen year-old victim was his stepdaughter, and the twelve year-old victim was his neighbor; (5) Freer never participated in a sexual offender treatment program, despite it being available; and (6) the sexual predator report indicated that Freer may have pedophilia tendencies. *Page 7 
 {¶ 16} In addition, the trial court found it significant that Freer committed a high degree of cruelty to the fourteen year-old victim. The trial court stated, "the child victim 14 years of age in a wheelchair, by the mere fact of that child being in a wheelchair, incapacitated to the point where she was unable to even care for herself due to her disability, mentally and physically, there is a component of cruelty in that respect."
 {¶ 17} Freer argues that because these two rapes "occurred within [a] short block of time" and were his only sexual offenses, these factors show he is not likely to reoffend. He also maintains that because he only scored a two on the STATIC-99 actuarial test, which indicated that he was at a medium to low risk to reoffend, that the evidence was not sufficient to show that he was likely to reoffend.
 {¶ 18} Although R.C. 2950.09(B) requires the trial court to discuss on the record those statutory factors upon which it actually relied in making a determination as to the offender's status, a specific number of factors is not required, "so long as [the trial court's] determination is grounded upon clear and convincing evidence." State v. Pierce, 8th Dist. No. 88470, 2007-Ohio-3665, at ¶ 14, citingState v. Purser, 153 Ohio App.3d 144, 2003-Ohio-3523. Moreover, STATIC-99 is only one tool a trial court can use to assist in its determination. It is an actuarial assessment, which cannot "purport to make an individualized assessment of future conduct any more than a life expectancy table can provide an accurate prediction of a particular individual's longevity." Pierce, supra, at fn. 1. *Page 8 
 {¶ 19} Thus, it is clear from the record the trial court considered the evidence, balanced the factors, and determined that there was clear and convincing evidence that Freer was likely to re-offend. Therefore, we conclude the trial court properly classified Freer as a sexual predator. Freer's first assignment of error is overruled.
 {¶ 20} In his second assignment of error, Freer argues that the trial court erred because it failed to make a finding as to whether Freer was a habitual sexual offender. The state concedes that the trial court erred when it failed to make this finding, but argues that this court should remand to the trial court for the limited purpose of determining Freer's habitual sexual offender status. For the following reasons, we disagree with Freer and the state.
 {¶ 21} R.C. 2950.09(E)(1) provides
 {¶ 22} "If a person is convicted or pleads guilty to committing,on or after January 1, 1997, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to, or adjudicated a delinquent child for committing, a sexually oriented offense or a child-victim oreinted offense and is a habitual sex offender * * *." (Emphasis added.)
 {¶ 23} Accordingly, the above mandatory finding concerns sentences imposed on sex offense convictions that occurred on or after January 1, 1997. Freer's *Page 9 
sentencing occurred prior to January 1, 1997; thus the above statutory requirements do not apply.
 {¶ 24} In Freer's case, the trial court was bound by the dictates of R.C. 2950.09(C)(1). Pursuant to that statutory language, a trial court was statutorily required to make a determination as to whether an offender is a habitual sex offender only if the offender was not found to be a sexual predator. R.C. 2950.09 (C)(2)(c). Once the trial court found Freer by clear and convincing evidence to be a sexual predator, the trial court was under no further mandate to continue its analysis. Thus, Freer's second assignment of error is without merit.
 {¶ 25} In his third assignment of error, Freer maintains that R.C.2950.031, Ohio's residency restriction statute, violates the Due Process Clauses of the Ohio and United States Constitutions. We agree with the state that this issue is not ripe for review.
 {¶ 26} Former R.C. 2950.031, now amended and recodified at R.C.2950.034, provided:
 {¶ 27} "(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises." 150 Ohio Laws, Part IV, 6657. *Page 10 
 {¶ 28} Freer's argument, as it curently applies to him, lacks ripeness. As the Ohio Supreme Court has held:
 {¶ 29} "Ripeness Is peculiarly a question of timing.' Regional RailReorganization Act Cases (1974), 419 U.S. 102, 140. The ripeness doctrine is motivated in part by the desire `to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *.' AbbottLabs. v. Gardner (1967), 387 U.S. 136, 148." State ex rel. Elyriafoundry Co. v. Industrial Comm'n (1998), 82 Ohio St.3d 88,89.
 {¶ 30} A review of the record indicates that Freer is currently in prison, and therefore, he is not presently subject to the restrictions of R.C. 2950.031. Thus, no actual harm has been inflicted upon Freer pursuant to that statute. This assignment of error is therefore dismissed for lack of ripeness.
 {¶ 31} Accordingly, Freer's three assignments of error are overruled, and the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J. and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1