DECISION AND JUDGMENT ENTRY
{¶ 1} Braedan Longpre appeals the Ross County Court of Common Pleas' classification that he is a Tier II sex offender subject to the requirements of Senate Bill 10, which was in effect on the date the court classified and sentenced him but was not in effect on the date he committed the sex crime.
 {¶ 2} The classification of sexual offenders and the notification requirements of the same are contained in Chapter 2950 of the Revised Code. Senate Bill 10 amended Chapter 2950 of the Revised Code. Parts of Senate Bill 10 were effective on July 1, 2007, and parts of it were effective on January 1, 2008.
 {¶ 3} On appeal, Longpre challenges the constitutionality of the trial court's retroactive application of Senate Bill 10. Because Longpre failed to raise his various constitutional arguments in the trial court, we find that he has forfeited his *Page 2 
right to raise them for the first time on appeal. Further, although we have discretion to consider his constitutional arguments under a plain error standard of review, we choose to not exercise that discretion in this case.
 {¶ 4} Accordingly, we affirm the judgment of the trial court.
 I. {¶ 5} A Ross County Grand Jury originally indicted Longpre for rape and felonious assault. However, the State dismissed that indictment so that Longpre could eventually plead no contest to a new indictment on November 9, 2007, charging him with unlawful sexual conduct with a minor. The alleged crime occurred on or about May 27, 2007.
 {¶ 6} On December 14, 2007, Longpre pled no contest to unlawful sexual conduct with a minor. The court found him guilty.
 {¶ 7} On February 6, 2008, the court held a sexual classification hearing and a sentencing hearing. The court classified Longpre as a Tier II sex offender, under recently enacted Senate Bill 10. The court filed its entry involving the classification and sentencing on February 20, 2008.
 {¶ 8} Longpre appeals his Tier II classification under Senate Bill 10 and asserts the following assignment of error: "The retroactive application of Senate Bill 10 to * * * Longpre violates the Ex Post Facto, Due Process, and Double Jeopardy Clauses of the United States Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution; Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the *Page 3 
United States Constitution; and Sections 10 and 28, Articles I and II, respectively, of the Ohio Constitution."
 II. {¶ 9} App. R. 12(A)(2) states, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]" Longpre does not cite to the record to show where the trial court overruled the issues he now presents for review. Also, we have reviewed the record Longpre provided us and do not find that he raised these issues in the trial court. As such, because Longpre failed to raise his constitutional arguments in the trial court, we first address whether Longpre may raise them for the first time on appeal.
 {¶ 10} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, syllabus. "The waiver doctrine announced in Awan is discretionary."In re M.D. (1988), 38 Ohio St.3d 149, 151.
 {¶ 11} Here, we decline to exercise our discretion and find that Longpre has forfeited his right to raise the constitutional issues asserted in his sole assignment of error. In addition, even if Longpre had properly raised these constitutional issues, we would overrule them.
 {¶ 12} Longpre acknowledges that the Supreme Court of Ohio inState v. Cook (1998), 83 Ohio St.3d 404, 1998-Ohio-291, found the former version of *Page 4 
Chapter 2950 of the Revised Code constitutional. Senate Bill 10 amended the former statute so that classification is no longer based on an individualized analysis. Instead, classification is now based on the type of crime committed. In addition, Senate Bill 10 increased the reporting requirements.
 {¶ 13} The crux of all of Longpre's constitutional arguments is, "By tying sex-offender classification, registration, and notification requirements directly and solely to the crime of conviction, Senate Bill 10 has created a sex-offender registration scheme that is no longer remedial and civil in nature. Sex-offender registration, as it functions under Senate Bill 10, is purely punitive, and is in fact part of the original sentence." Stated differently, Longpre asserts that Senate Bill 10 is punitive because, instead of the court looking at defendants individually to determine how dangerous they are before it classifies them, classification is now tied solely to the type of crime committed.
 {¶ 14} We do not find Longpre's argument persuasive. The Supreme Court of the United States has already stated, "The State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment[.]" Smith v. Doe (2003), 538 U.S. 84, 104.
 {¶ 15} Therefore, because the premise of Longpre's constitutional arguments is based on the statute being punitive or criminal, instead of civil, his arguments would fail.
 {¶ 16} Accordingly, we overrule Longpre's sole assignment of error and affirm the judgment of the trial court. *Page 5 
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk. *Page 1