The STATE of Ohio, Appellee,

v.

GRAVES, Appellant.

[Cite as *State v. Graves*, 179 Ohio App.3d 107, 2008-Ohio-5763.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 07CA3004.

Decided Nov. 4, 2008.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Assistant Prosecuting Attorney, for appellee.

Biddlestone & Winkelmann Co., L.P.A., and David J. Winkelmann, for appellant.

ABELE, Presiding Judge.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. Ryan L. Graves, defendant below and appellant herein, pleaded guilty to gross sexual imposition, in violation of R.C. 2907.05, and the trial court adjudicated him a "sexual predator." From that adjudication, appellant assigns the following errors for review:

First Assignment of Error:

The trial court erred by relying on double hearsay to find that Ryan Graves' conduct against the victim of the offense for which was convicted constituted part of a "pattern of abuse."

Second Assignment of Error:

The trial court erred as a matter of law by misinterpreting Ohio Revised Code Section 2150.09(B)(3)(h) to allow consideration of conduct against persons other than the victim of the crime for which Graves was convicted.

Third Assignment of Error:

The trial court's decision adjudicating Ryan Graves to be a sexual predator is against the manifest weight of the evidence and is not supported by clear and convincing evidence.

{¶ 2} The facts in this case are undisputed. Appellant engaged in sexual conduct with a 12–year–old in August 2006. After that incident came to light and police investigated the offense, they found nude photographs of other minor females on appellant's computer discs.

{¶ 3} On May 18, 2007, the Ross County Grand Jury returned an indictment charging appellant with (1) gross sexual imposition and (2) three counts of illegal use of a minor in nudity-oriented material. Appellant pleaded not guilty to all offenses.

{¶ 4} The trial court eventually dismissed the charges of illegal use of a minor in nudity-oriented materials, and appellant agreed to plead guilty to gross sexual

imposition. At the November 2, 2007 hearing, the court adjudicated appellant a "sexual predator" and sentenced him to serve two years' imprisonment. This appeal followed.

{¶ 5} Before we consider the merits of the assignments of error, we must first address a procedural and jurisdictional question that both sides raise in their briefs. Generally, appellate courts do not address issues that become moot. *Redmon v. Columbus City Council,* Franklin App. No. 05AP–466, 2006-Ohio-2199, 2006 WL 1174506, at ¶ 5–6; *In re Brown,* Franklin App. Nos. 03AP–1205 and 03AP–1206, 2005-Ohio-2425, 2005 WL 1177943, at ¶ 15–16. This is because an appellate court's jurisdiction is limited to actual cases or controversies under Section 2, Article III of the Ohio Constitution. If a case is moot, there is no longer a case or controversy to resolve. *State v. Winland,* Ashtabula App. No. 2003–A–0101, 2005-Ohio-3408, 2005 WL 1538281, at ¶ 6; *State v. Downs,* Ashtabula App. No. 2004–A–0029, 2005-Ohio-2520, 2005 WL 1208832, at ¶ 6.

{¶ 6} Appellee argues that appellant's challenges to the trial court's sexual-predator adjudication have been rendered moot by the passage of the Adam Walsh Child Protection and Safety Act ("AWA") in 2007. Am.Sub.S.B. 10, 2007 Ohio Laws, File No. 10. This legislation applies retroactively, appellee posits, and changed appellant's classification from "sexual predator" to a "Tier II sex offender." Accordingly, because appellant is no longer classified a "sexual predator," any error in making that classification is moot. Appellant takes no position on whether the legislation is to be applied retroactively, but concedes in a footnote that "this appeal may be moot."

{¶ 7} After our review of both the legislation and statutory changes, as well as decisions of other courts who have examined them, we agree with appellee that this appeal has been rendered moot.

{¶ 8} Retroactive statutes are limited by two principles. *Hyle v. Porter,* 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, at ¶ 7. First, R.C. 1.48 provides that a statute is assumed to be applied prospectively, unless the Ohio General Assembly explicitly makes its application retrospective. Id. Effective January 1, 2008, R.C. 2950.01 provides that a "Tier II sex offender" includes anyone who, inter alia, "pleaded guilty" to R.C. 2907.05(A)(4). Id. at (F)(1)(h).[1] Although it is tempting to find the statute retroactive on grounds that it uses the past tense, we are cognizant that the Ohio Supreme Court rejected that approach in *Hyle,* 117

---

1. Appellant argues that if the legislation is deemed retroactive, he will be classified as a "Tier I sex offender" rather than a "Tier II" offender as the appellee argues. We do not understand how he arrives at that conclusion, however. A "Tier I" offender does include those who violate R.C. 2907.05(A)(1), (2), (3), or (5), see R.C. 2950.01(E)(1)(c), but the victim in this case was 12 years old at the time of the offense, which is a violation of division (A)(4) of R.C. 2907.05.

Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, at ¶ 11, 19, and 22 and held that the General Assembly must make a "clear declaration" that legislation is to apply retroactively.

{¶ 9} We believe that clear declaration is found in R.C. 2950.011, which specifies, inter alia, that a "sexually oriented offense" for purposes of the AWA includes a "sexually oriented offense" committed prior to the effective date of the AWA. A "sexually oriented offense" includes a violation of R.C. 2907.05. See R.C. 2950.01(A)(1). In light of these provisions, we agree that the Ohio General Assembly intended for these statutes to apply retroactively.

{¶ 10} Other courts that have considered this question buttress our conclusion. The Second District Court of Appeals simply assumed that the statute applied retroactively. *State v. Desbiens*, Montgomery App. No. 22489, 2008-Ohio-3375, 2008 WL 2627638, at ¶ 17–28. The Ninth District concluded that it applies retrospectively to juvenile offenders. See *In re G.E.S.*, Summit App. No. 24079, 2008-Ohio-4076, 2008 WL 3413040, at ¶ 7. We also note that a Clermont County Court of Common Pleas judge has determined that the new laws are retrospective as well. See *Slagle v. State*, 145 Ohio Misc.2d 98, 2008-Ohio-593, 884 N.E.2d 109, at ¶ 27. For these reasons, we agree that the provisions of the AWA were intended to apply retroactively.

{¶ 11} Having determined that the new registration scheme was intended to apply retrospectively, the next question is whether the retrospective application violates the Section 28, Article II, Ohio Constitution ban on enactment of retroactive statutes that impair vested, substantive rights. *Hyle*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, at ¶ 7. We answer that question in the negative.

{¶ 12} Ten years ago, the Ohio Supreme Court upheld a registration requirement as part of "Meaghan's Law." See *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, at paragraphs one and two of the syllabus. As the Second District aptly suggests in *State v. King*, Miami App. No. 08–CA–02, 2008-Ohio-2594, 2008 WL 2222253, at ¶ 13, it is unlikely that the Ohio Supreme Court will find difficulty with the AWA after its Cook decision or that the United States Supreme Court will find it unconstitutional after *Smith v. Doe* (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164, which upheld Alaska's version of "Meaghan's Law."

{¶ 13} Also, one declared purpose for this legislation is to disseminate information on sex offenders to the general public as a means of "assuring public protection." R.C. 2950.02(B). The Ohio General Assembly expressly noted that its purpose in providing this information is "not punitive." Id. Of course, this statement is not dispositive, and we should not permit the legislature to shield an unconstitutional statute with mere expression of benign legislative intent. Nev-

ertheless, this kind of public-policy statement should be afforded respect. The findings and public-policy declarations in R.C. 2950.02 indicate that the gist of the AWA is to disseminate information so the public can better protect itself from sex offenders. In light of the holdings in *Cook* and *Smith*, supra, permitting earlier statutory schemes that allow disclosure of such information, we are not persuaded that anything in the AWA amounts to an impermissible or retroactive violation of a vested right.

{¶ 14} For these reasons, we conclude that the AWA applies [2] retroactively and that appellant is no longer classified as a sexual predator. Thus, any error the trial court may have committed in making that adjudication under the old classification scheme has been rendered moot. Therefore, we hereby dismiss the appeal because no case or controversy exists for us to resolve.

Appeal dismissed.

KLINE and MCFARLAND, JJ., concur.

---

2. Our conclusion in this case is supported by the recent Ohio Supreme Court decision in *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, wherein the court held that recent changes in other portions of R.C. 2950 are remedial in nature and do not violate the ban on retroactive legislative.