DECISION AND JUDGMENT
{¶ 1} This is a consolidated appeal from three judgments entered by the Huron County Court of Common Pleas. In each of the three cases, the trial court denied each appellant's petition contesting his reclassification as a Tier III sex offender under R.C. 2950.01, et seq., as amended by S.B. 10, also known as the "Adam Walsh Act". Briefly, the relevant facts of each case are as follows. *Page 2 
 {¶ 2} On October 18, 1999, appellant, Christian N. Bodyke, entered an agreed plea of no contest to one count of breaking and entering, a violation of R.C. 2911.13(A) and a felony of the fifth degree and to one count of sexual battery, a violation of R.C. 2907.03(A)(3) and a felony of the third degree. The trial court sentenced Bodyke to six months in prison on his conviction for breaking and entering and two years in prison on his conviction for sexual battery; the prison sentences were ordered to be served concurrently. The court further determined that, under former R.C. 2950.01 ("Megan's Law"), he was a sexually oriented offender who was required to register as such with the sheriff of the county in which he resided for the next 10 years. Bodyke was not subject to any community notification requirements.
 {¶ 3} In a letter dated November 26, 2007, the Attorney General of the state of Ohio notified Bodyke that his registration and notification duties would change as of January 1, 2008. This change was the result of the Ohio General Assembly's passage of the S.B. 10 amendments, effective on July 1, 2007 and January 1, 2008, to R.C. Chapter 2950, the Ohio Sexual Offender Registration and Notification Act. S.B. 10 abolished the prior classifications set forth in R.C. 2950.01. As a result of this statutory change, Bodyke was reclassified, pursuant to 2950.01(G)(1)(a), as a Tier III sex offender. A Tier III sex offender is required to personally register with the local sheriff every 90 days for life. In addition, under R.C. 2950.11(F)(2), the trial court had the discretion to impose a community notification requirement. *Page 3 
 {¶ 4} On December 19, 2007, Bodyke filed, as permitted by R.C. 2950.031(E), a petition to contest his Tier III reclassification. He asserted that S.B. 10 abrogated the "separation of powers principle inherent in Ohio's Constitutional framework." He further argued that the new law violated Section 28, Article II, Ohio Constitution, which prohibits retroactive laws, the Ex Post Facto Clause of the United States Constitution, and the Double Jeopardy Clauses of both the Ohio and United States Constitution. Finally, Bodyke maintained that because his no contest plea was the result of a plea bargain, his reclassification was an impairment of an obligation of contract under Section 28, Article II, Ohio Constitution. Bodyke asked the court to find that the S.B. 10 changes to R.C. Chapter 2950 were not applicable to his case. The trial court denied Bodyke's request and ordered him to comply with the new registration requirements but did not order him to provide community notification.
 {¶ 5} In May 1999, appellant, David Schwab, pled guilty to one count of attempted rape of a person who was less than 13 years of age, in violation of R.C. 2907.02(A)(1)(b) and 2923.02(A). He was sentenced to serve five years in prison. He was also classified as a habitual sex offender as set forth in R.C. 2950.01(B). Schwab was therefore required to register as a sex offender every 180 days for 20 years. Nonetheless, pursuant a plea agreement, community notification was not ordered in his case.
 {¶ 6} On November 26, 2007, Schwab received a notice that he was being reclassified as a Tier III sex offender pursuant to S.B. 10. Consequently, as of January 1, *Page 4 
2008, he was required to personally register "with the local sheriffs office every ninety (90) days for life." Schwab also filed a petition to contest his reclassification raising the same constitutional challenges to S.B. 10 as Bodyke. Again, the common pleas court denied Schwab's request and ordered him to comply with the new registration requirements but relieved him of the duty of community notification.
 {¶ 7} On November 23, 1993, appellant, Gerald E. Phillips, pled guilty to one count of gross sexual imposition, a violation of R.C. 2907.05(A)(5) and a felony of the fourth degree. He also pled guilty to one count of sexual battery with a physical harm specification, a violation of R.C. 2907.03(A)(5) and former R.C. 2941.143, a felony of the third degree. On January 28, 2004, he was sentenced to two years in prison on his gross sexual imposition conviction and three to ten years in prison on his sexual battery conviction with the sentences to be served concurrently.
 {¶ 8} After Megan's Law took effect, the Adult Parole Authority recommended that the state of Ohio should seek retroactive application of the new law to have Phillips classified a sexual predator. The Huron County Prosecutor informed the court that it would not seek that classification. Therefore, the court classified Phillips as a sexually oriented offender. As with the other two appellants, a November 26, 2007 notification advised Phillips that he was reclassified a Tier III sex offender and, therefore, was required to personally register with the local sheriff every 90 days for life. Phillips filed a petition to contest the reclassification raising the same constitutional issues as Bodyke and Schwab. The trial court denied the petition but did not order community notification. *Page 5 
 {¶ 9} All three appellants filed notices of appeal from the trial court's judgments. Because all three cases involved common questions of law and fact, we, sua sponte, consolidated them for the purposes of appeal. Appellants raise the following assignments of error:
 {¶ 10} "I. The retroactive application of Senate Bill 10 violates the Ex Post Facto, Due Process, and Double Jeopardy Clauses of the United States Constitution and the Retroactivity Clause of Section 28, Article II, Ohio Constitution. [sic] Fifth, Eighth, and Fourteenth Amendments United States Constitution, Section 10, Article I, United States Constitution; Article I, United States Constitution; Sections 9 and 10, Article I, Section 28, Article II, Ohio Constitution."
 {¶ 11} "II. The retroactive application of Senate Bill 10 to persons whose convictions were obtained pursuant to pleas of guilty or no contest rather than through trial verdicts impairs the obligation of contract protected by Article I, Section 10, Clause I, United States Constitution and Section 28, Article II, Ohio Constitution."
 {¶ 12} In their first assignment of error, appellants challenge the constitutionality of S.B. 10 on several bases. They first argue that the application of S.B. 10 to sex offenders whose crimes occurred before July 1, 2007 is unconstitutional because it violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
 {¶ 13} We start with the proposition that statutes, including amendments to those statutes, that are enacted in Ohio are presumed to be constitutional. State v. Ferguson, *Page 6 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 12. Therefore, unless appellants can demonstrate, beyond a reasonable doubt, that S.B. 10 is unconstitutional, it remains valid. Id. The Ex Post Facto Clause, that is, Section 10, Article I, United States Constitution, prohibits the passage of an enactment which may, inter alia, criminalize acts that were innocent when committed or "`changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'"Miller v. Florida (1987), 482 U.S. 423, 429, quoting Calder v. Bull
(1798), 3 Dall. 386. Likewise, the Retroactivity Clause, Section 28, Article II, Ohio Constitution, bans the enactment of retroactive statutes that impair vested, substantive rights, but not those rights that are merely remedial and civil in nature. State v. Graves, 4th Dist. No. 07CA3004, 2008-Ohio-5763, ¶ 11.
 {¶ 14} Appellants set forth a number of arguments that purportedly support a finding that S.B. 10 is not civil and remedial, but is punitive in nature and, as a result, violates their constitutional rights. For example, appellants make the argument that S.B. 10 deprives them of the right to a hearing, i.e., procedural due process, on the question of their individual future dangerousness. In other words, appellants contend that reclassifying them as Tier III sex offenders without a hearing ties the reclassification solely to their original conviction for a sex offense, thereby rendering the statute purely punitive. We disagree. In Smith v. Doe (2003), 538 U.S. 84, 104, the United States Supreme Court held: "The State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment [.]" See, also, State v. Longpre, 4th Dist. *Page 7 
No. 08CA3017, 2008-Ohio-3832, ¶ 14; State v. Desbiens, 2d Dist. No. 22489,2008-Ohio-3375, ¶ 25. Consequently, appellants' argument on this issue fails.
 {¶ 15} Appellants further assert that S.B. 10's residency restrictions, as found in R.C. 2950.034, barring sex offenders from living within 1,000 feet of a school, preschool, or child daycare center are additional or new punishments or burdens, and, therefore, are a violation of substantive due process. The only modification of the statute made by S.B. 10 was to add daycare centers and preschools. The statute was not expressly made retroactive. Therefore, the Ohio Supreme Court's holding with regard to the pre-S.B. 10 amendments in Hyle v.Porter (2008), 117 Ohio St.3d 165, 2008-Ohio-542, syllabus, is controlling. Specifically, the Hyle court held: "Because [former] R.C. 2950.031 was not expressly made retrospective, it does not apply to an offender who bought his home and committed his offense before the effective date of the statute." Thus, if appellants purchased their homes near daycare centers, preschools, or schools prior to the effective date of S.B. 10, the new version of the statute is inapplicable. Because there is no evidence in the record of this cause that appellants purchased residences in restricted areas prior to the enactment of S.B. 10, we must find the substantive due process argument related to the alleged punitive nature of S.B. 10 is without merit.Montgomery v. Leffler, 6th Dist. No. H-08-011, 2008-Ohio, ¶ 29 n. 1;State v. Byers, 7th Dist. No. 07-CO-39, 2008-Ohio-5051, ¶ 99.
 {¶ 16} Finally, appellants claim that S.B. 10 is punitive in nature because a sheriff is required to disseminate their personal information, including photographs, to a wide *Page 8 
variety of persons, including schools, school superintendents and principals, and volunteer organizations where contact with minors may occur. See R.C. 2950.11(A)-(F). In discussing this question involving pre-S.B. 10 dissemination of sex offenders' personal information, the Ohio Supreme Court held:
 {¶ 17} "Similarly, we believe that the General Assembly's findings also support the conclusion that the more burdensome registration requirements and the collection and dissemination of additional information about the offender as part of the statute's community notification provisions were not born of a desire to punish. Rather, we determine that the legislative history supports a finding that it is a remedial, regulatory scheme designed to protect the public rather to punish the offender.
 {¶ 18} "Ferguson [the defendant-appellant] may be adversely affected by the amended provisions, just as he was affected by the former provisions. But `the sting of public censure does not convert a remedial statute into a punitive one.' Cook, 83 Ohio St.3d at 423,700 N.E.2d 570, citing Montana Dept. of Revenue v. Kurth Ranch (1994),511 U.S. 767, 777 fn. 14. And although the scorn of the public may be the result of a sex offender's conviction and his ensuing registration and inclusion in the public database, we do not believe that scorn is akin to colonials' clearly punitive responses to similar offenses, which ranged from public shaming to branding and exile. See Smith,538 U.S. at 97-98, 123 S.Ct. 1140, 155 L.Ed.2d 164. If a legislative restriction is an incident of the state's power to protect the health and safety of its citizens, it should be considered as evidencing an intent to exercise that regulatory power rather than as an intent to punish. Id. at 92-93,123 S.Ct. 1140, 155 L.Ed.2d 164." Ferguson, supra, at ¶ 36-37. *Page 9 
 {¶ 19} Accordingly, we reject all of appellants' arguments with regard to the allegation that S.B. 10 is punitive, rather than remedial, in nature. Consequently, we shall follow the law set forth inMontgomery wherein we decided the question of retroactivity challenges to S.B. 10 and determined that this legislation is civil and remedial in nature. In that appeal, we concluded that the S.B. 10 amendments "are not unconstitutional on retroactivity grounds." Id. at ¶ 23. See, also,Byers, supra, ¶ 69; Graves, supra, ¶ 13; State v. Honey, 9th Dist. No. 08-C0018-M, 2008-Ohio-4943; Desbiens, supra, ¶ 30.
 {¶ 20} Appellants also maintain that S.B. 10 violates theEighth Amendment to the United States Constitution because it imposes cruel and unusual punishment. They further assert that and that S.B. 10 abridges the Double Jeopardy Clause of the United States Constitution and Section 10, Article I, Ohio Constitution, by inflicting a second punishment on a sex offender for a single offense. We also determined that these contentions were unfounded in Montgomery. Specifically, we held that theEighth Amendment prohibition did not apply because the S.B. 10 amendments are not punitive. Id. at ¶ 24. See, also, Byers, supra, ¶ 107 (S.B. 10 is not violative of the Eighth Amendment to the United States Constitution.). The same is true with regard to appellants' double jeopardy arguments. Id. See, also, In re Gant, 3d Dist. No. 1-08-11, 2008-Ohio-5198, ¶ 20-21; In re Smith, 3d Dist. No. 1-07-58,2008-Ohio-3234, ¶ 36. Thus, appellants' assertions on these questions are meritless.
 {¶ 21} Appellants also argue that S.B. 10 violates the separation of powers doctrine by unconstitutionally limiting the powers of the judicial branch because it *Page 10 
"divests the judiciary of its power to sentence a defendant." The rationale for separating the powers of government into three branches is that the powers properly belonging to one of the departments should neither "`be directly and completely'" administered by another department nor should any one of those departments directly or indirectly have any overruling influence over one of the others.State v. Sterling (2007), 113 Ohio St.3d 255, 2007-Ohio-1790, ¶ 23, quoting State v. Bryant Park v. Akron Metro Park Dist. (1929),120 Ohio St. 464, 473. Therefore, under the separation of powers doctrine, the administration of justice by the judiciary cannot be interfered with by either the executive or legislative branches of government in the exercise of their respective powers. Id. at ¶ 24 (Citations omitted.).
 {¶ 22} In Montgomery at ¶ 26, we noted that sexual offenders have previously been classified by offense and found that we failed to see how this violated the separation of powers doctrine. Accord, In reSmith, supra, ¶ 39 ("[T]he classification of sex offenders into categories has always been a legislative mandate, not an inherent power of the courts."); Byers, supra, at ¶ 74 (The application of different sexual offender classifications and time spans for registration requirements does not order a court to reopen a final judgment. It simply changes a classification scheme and does not, therefore encroach on judiciary power.). As a result, we find that appellants' argument on this issue lacks worth.
 {¶ 23} For all of the foregoing reasons, appellants' Assignment of Error No. I is found not well-taken. *Page 11 
 {¶ 24} Appellants' Assignment of Error No. II contends that the retroactive application of S.B. 10 to those sexual offenders who pled not guilty or no contest to their offenses impairs the obligation of contract protected by Article I, Section 10, Clause I of the United States Constitution and Section 28, Article II, Ohio Constitution. This court has already decided that this contention is meritless. See.Montgomery, supra, ¶ 39. See, also, Desbiens, supra, ¶ 33. Appellants' Assignment of Error No. II is, therefore, found not well-taken.
 {¶ 25} The judgment of the Huron County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal in equal shares pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1