OPINION
{¶ 1} On April 2, 2004, a complaint was filed wherein appellant, Lucas Callahan, was charged with delinquency for committing the offense of rape, two counts. On May 6, 2004, appellant admitted the counts.
 {¶ 2} On July 30, 2004, the trial court conducted a sexual offender classification hearing pursuant to R.C. 2950.09. By decision and judgment entry filed August 3, 2004, the trial court classified appellant as a sexual predator and a juvenile offender registrant, subject to modification and/or termination.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court committed prejudicial error in finding that the juvenile was a sexual predator and a sex offender registrant prior to his treatment in a secure facility and in the absence of any prior sexually oriented offenses."
 I {¶ 5} Appellant claims the trial court erred in finding he was a sexual predator and a juvenile offender registrant prior to his treatment in a secure facility. We disagree.
 {¶ 6} We note appellant does not challenge the fact that he is classified as a sexual predator or subject to registration. Instead, appellant attacks the procedure employed sub judice. Appellant claims the trial court did not follow the procedures mandated in R.C. 2152.83, specifically subsection (B)(1) which states the following:
 {¶ 7} "The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility, a hearing for the purposes described in division (B)(2) of this section if all of the following apply:
 {¶ 8} "(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense that is not a registration-exempt sexually oriented offense or is a child-victim oriented offense that the child committed on or after January 1, 2002.
 {¶ 9} "(b) The child was fourteen or fifteen years of age at the time of committing the offense.
 {¶ 10} "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code."
 {¶ 11} We conclude the General Assembly's use of the word "may" and the use of the conjunction "or" triggers the trial court's discretion regarding when to make a sexual predator determination. We find this is further re-enforced by R.C. 2152.84(A)(1) which states the following:
 {¶ 12}
"When a juvenile court judge issues an order under section 2152.82 or division (A) or (B) of section 2152.83 of the Revised Code that classifies a delinquent child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04,2950.041, 2950.05, and 2950.06 of the Revised Code, upon completion of the disposition of that child made for the sexually oriented offense that is not a registration-exempt sexually oriented offense or the child-victim oriented offense on which the juvenile offender registrant order was based, the judge or the judge's successor in office shall conduct a hearing to review the effectiveness of the disposition and of any treatment provided for the child, to determine the risks that the child might re-offend, and to determine whether the prior classification of the child as a juvenile offender registrant and, if applicable, as a sexual predator or child-victim predator or as a habitual sex offender or habitual child-victim offender should be continued, modified, or terminated as provided under division (A)(2) of this section."
 {¶ 13} This language implies the trial court has the discretion to make the determination pre-treatment and can revisit its decision upon the completion of treatment.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J., Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is affirmed.