DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas
Court, Juvenile Division, judgment that committed P.B. (d.o.b. 1-18-89)[1], appellant herein, to the permanent custody of the Ohio Department of Youth Services (DYS) after his adjudication of *Page 2 
delinquency for having committed rape. See R.C. 2907.02(A)(1).
Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CLASSIFIED P.B. AS A SEXUAL PREDATOR AT DISPOSITION IN VIOLATION OF R.C. 2152.83, R.C. 2950.01 AND R.C. 2950.09."
 SECOND ASSIGNMENT OF ERROR:
 "P.B. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN DEFENSE COUNSEL FAILED TO OBJECT TO THE COURT'S FINDING HIM TO BE A SEXUAL PREDATOR."
 {¶ 2} On October 19, 2006, a complaint charged that appellant engaged in sexual conduct with a ten year old child. Although appellant initially denied the charge, the parties reached an agreement whereby appellant admitted to this charge in return for the juvenile court maintaining jurisdiction over this case as well as two other possible cases.
 {¶ 3} At the adjudicatory hearing the trial court explained appellant's various rights and the impact of his admission. Satisfied that appellant understood his rights, the court accepted appellant's admission. At appellant's dispositional hearing the trial court ordered permanent placement with DYS for a minimum of one year and a maximum period of until appellant's twenty-first birthday. The court also determined that appellant is a sexual predator. This appeal followed. *Page 3 
 {¶ 4} Appellant asserts in his first assignment of error that his sexual predator classification is procedurally flawed. We agree with appellant's argument.
 {¶ 5} The issue is not whether appellant should have been adjudicated a sexual predator, but, rather, when that adjudication should have occurred. R.C. 2152.83 provides inter alia:
 "(A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility, an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:
 * * * (b) The child was sixteen or seventeen years of age at the time of committing the offense.
 * * * (B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility, a hearing for the purposes described in division (B)(2) of this section if all of the following apply:
 * * * (b) The child was fourteen or fifteen years of age at the time of committing the offense." (Emphasis added.)
 {¶ 6} Appellant argues that the trial court could adjudicate him a sexual predator at the time of his dispositional hearing only if it did not commit him to DYS. If, however, the court *Page 4 
committed appellant to DYS, the court could adjudicate appellant to be a sexual predator only upon his release from DYS. We agree with appellant's interpretation of the statute.
 {¶ 7} R.C. 2152.83(A)(1) allows a court to adjudicate a delinquent child a sexual predator as part of the disposition unless the court commits the child to a secure facility. In that event, a juvenile court must wait until the child's release from the facility in order to classify him a sexual predator. See In re C.A.C., Clark App. Nos. 2005-CA-134 2005-CA-135, 2006-Ohio-4003, at ¶ 53. Here, the trial court committed appellant to the permanent custody of DYS and, pursuant to the statute, the court cannot classify him a sexual predator until his release from the facility.
 {¶ 8} Appellee offers two counter-arguments. First, appellee contends that R.C. 2152.83(A)(1) gives the trial court discretion to classify appellant a sexual predator either at the dispositional hearing or at his release. We would agree with this argument if the subsection at issue is (B)(1) of R.C. 2152.83 rather than (A)(1).[2] As our Fifth District colleagues have noted, the Ohio General Assembly's use of the word "may" and the conjunction "or" in subsection (B)(1) triggers a court's discretion as to when to make the sexual predator classification. *Page 5 
See In re McAllister, Stark App. No. 2006CA00073, 2006-Ohio-5554, at ¶ 9; In re Callahan, Ashland App. No. 04COA064, 2005-Ohio-735, at ¶ 11. We recognize that subsection (A)(1) is worded differently than subsection (B)(1). The General Assembly uses the word "shall" in subsection (A)(1) rather than the word "may."
Thus, although a juvenile court has discretion as to the type of disposition it makes, the court apparently does not have discretion to determine when the delinquent child can be adjudicated a sexual predator. If a child is committed to DYS, the legislature has decided that such a determination must wait until the child's release. We recognize that courts must follow a statute's plain language, regardless of the wisdom of the particular statutory provision.
 {¶ 9} Appellee cites In Re: J.F.F., Miami App. No. 2004CA34,2005-Ohio-1906, in which the appellate court affirmed a judgment that committed a delinquent child to an indefinite term at DYS and, at the same time, determined the child to be a sex offender. That case, however, is distinguishable from the case sub judice. In J.F.F., the offender was fourteen years of age when he committed the offense. Id. at ¶ 12. As noted above, when an offender is fourteen years of age at the time of the offense, a court possesses discretion to make the sexual offender determination either at the time of disposition or at the child's release. R.C. 2152.83(B)(1). In the case at bar, appellant was seventeen years of age when he committed the offense and the court committed him to DYS. Consequently, the juvenile court had *Page 6 
no discretion regarding the timing of the sexual predator determination.
 {¶ 10} We emphasize that our decision involves only the procedural aspect of appellant's sexual predator classification, not whether the classification is proper. This issue must wait until appellant is released from DYS custody.
 {¶ 11} Accordingly, we hereby sustain appellant's first assignment of error. We disregard appellant's second assignment of error as moot. See App.R. 12(A)(1)(c). Thus, we hereby vacate appellant's sexual predator determination but affirm the remainder of the judgment.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND VACATED IN PART PENDING FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J.: Concurs in Judgment Opinion *Page 7 
Kline, J.: Concurs in Judgment Opinion
[1] A dispute arose regarding appellant's actual age. Appellant was born in Haiti and, although A Portsmouth High School French teacher translated his birth certificate, she could only perform a partial translation. Despite concern that appellant may actually be several years older than he claims, the trial court determined that he was born January 18, 1989. We accept that determination for purposes of our review.
[2] Subsection (A)(1) applies if the offender is sixteen or seventeen at the time he committed the offense. R.C. 2152.83(A) (1)(b). Subsection (B)(1) applies if the offender is fourteen or fifteen at the time of the offense. Id. at (B)(1) (b). Given the trial court's determination that appellant's date of birth is January 19, 1989, he would have been seventeen when he committed the offense. Thus, subsection (A)(1) applies. *Page 1