OPINION
{¶ 1} Appellant, Kristopher W., appeals from the February 22, 2008, Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, classifying him as a Tier III juvenile offender registrant.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 2, 2008, a delinquency complaint was filed in the Tuscarawas County Court of Common Pleas, Juvenile Division, alleging that appellant, who was born on April 24, 1990, committed six counts of rape (counts one, two, five, six, nine, and ten) in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree if committed by an adult, and six counts of gross sexual imposition (counts three, four, seven, eight, eleven and twelve) in violation of 2907.05(A)(4), felonies of the third degree if committed by an adult. The offenses were alleged to have been committed between January 1, 2006 through May 6, 2006 and June 15, 2007 through August 1, 2007.
 {¶ 3} At his arraignment on January 3, 2008, appellant admitted the charges set forth in the complaint. As memorialized in a Judgment Entry filed on January 4, 2008, the trial court found appellant was a delinquent child as defined by R.C. 2152.02 and ordered that the matter be continued to January 18, 2008, for disposition and to determine appellant's sexual offender classification.
 {¶ 4} Pursuant to a Judgment Entry filed on February 22, 2008, the trial court committed appellant to the Ohio Department of Youth Services (DYS) for a minimum of three years and a maximum to the age of twenty-one on count one (rape) and to a minimum of two (2) years and a maximum to age twenty-one on count five (rape). The trial court ordered these commitments to run consecutively. The trial court also *Page 3 
committed appellant to a minimum of three (3) years and a maximum to age twenty-one on counts two, six, nine and ten and ordered such commitments to run concurrently with counts one and five. Finally, the trial court committed appellant for a minimum of six (6) months and a maximum to age twenty-one on counts three, four, seven, eight, eleven and twelve and ordered such commitments to run concurrently with counts one and five.
 {¶ 5} The trial court, in its February 22, 2008, Judgment Entry, also ordered that appellant be classified as a Tier III juvenile offender registrant.
 {¶ 6} Appellant now raises the following assignments of error on appeal:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT CLASSIFIED KRISTOPHER W. AS A JUVENILE OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THAT DETERMINATION UPON HIS RELEASE FROM A SECURE FACILITY, IN VIOLATION OF R.C. 2152.83(A)(1).
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO KRISTOPHER W. AS THE APPLICATION OF SENATE BILL TO KRISTOPHER W. VIOLATES HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 9} "III. THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO KRISTOPHER W. VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.
 {¶ 10} "IV. KRISTOPHER W. WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. FOURTEENTH AMENDMENT TO THE *Page 4 
UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."
 I {¶ 11} Appellant, in his first assignment of error, argues that the trial court erred in classifying him as a juvenile offender registrant because it did not make such determination upon his release from a secure facility in violation of R.C. 2152.83(A)(1). We agree.
 {¶ 12} R.C. 2152.83 provides in relevant part, as follows,:
 {¶ 13} "(A)(1) The court that adjudicates a child a delinquent childshall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility,shall issue at the time of the child's release from the secure facility, an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04,2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:
 {¶ 14} * * *
 {¶ 15} (b) The child was sixteen or seventeen years of age at the time of committing the offense. . . ."
 {¶ 16} As noted by the court in In re P.B., Scioto App. No. 07CA3140,2007-Ohio-3937, "R.C. 2152.83(A)(1) allows a court to adjudicate a delinquent child a sexual predator as part of the disposition unless the court commits the child to a secure facility. In that event, a juvenile court must wait until the child's release from the facility in order to classify him a sexual predator. See In re C.A.C., Clark App. Nos. 2005-CA-134 2005-CA-135, 2006-Ohio-4003, at ¶ 53. Here, the trial court committed appellant to the *Page 5 
permanent custody of DYS and, pursuant to the statute, the court cannot classify him a sexual predator until his release from the facility." Id at paragraph 7.
 {¶ 17} The court, in In re P.B., noted that there was a difference in the language contained in R.C. 2152.83(A)(1) and R.C. 2152.83(B)(1), which applies if the offender is fourteen or fifteen at the time of the offense. The court, in In re P.B., stated, in relevant part, as follows: "As our Fifth District colleagues have noted, the Ohio General Assembly's use of the word `may' and the conjunction `or' in subsection (B)(1) triggers a court's discretion as to when to make the sexual predator classification. See In re McAllister, Stark App. No. 2006CA00073, 2006-Ohio-5554, at ¶ 9; In re Callahan, Ashland App. No. 04COA064, 2005-Ohio-735, at ¶ 11. We recognize that subsection (A)(1) is worded differently than subsection (B)(1). The General Assembly uses the word `shall' in subsection (A)(1) rather than the word `may.' Thus, although a juvenile court has discretion as to the type of disposition it makes, the court apparently does not have discretion to determinewhen the delinquent child can be adjudicated a sexual predator. If a child is committed to DYS, the legislature has decided that such a determination must wait until the child's release. We recognize that courts must follow a statute's plain language, regardless of the wisdom of the particular statutory provision." Id at paragraph 8.
 {¶ 18} Based on the foregoing, we find that the trial court erred in classifying appellant as a juvenile offender registrant when it did. Such determination must be made upon appellant's release from a secure facility.
 {¶ 19} Appellant's first assignment of error is, therefore, sustained. *Page 6 
 II, III {¶ 20} Appellant, in his second assignment of error, argues that the application of Senate Bill 10 to him violates his right to due process of law as guaranteed by both the United States and Ohio Constitutions. In his third assignment of error, appellant argues that the retroactive application of such Bill, which became effective January 1, 2008, to him violates the ex post facto clause of the United States Constitution and the retroactivity clause of Section 28, Article II of the Ohio Constitution.
 {¶ 21} Senate Bill 10, which is known as the Adam Walsh Child Protection and Safety Act (AWA), changed the former R.C. 2950.01, et seq.
 {¶ 22} As noted by the Ohio Supreme Court in State v. Williams,88 Ohio St.3d 513, 2000-Ohio-428, 728 N.E.2d 342, "statutes enacted in Ohio are presumed to be constitutional. See State ex rel. Jackman v. CuyahogaCty. Court of Common Pleas (1967), 9 Ohio St.2d 159, 161-162,38 O.O.2d 404, 405-406, 224 N.E.2d 906, 908-909. This presumption of constitutionality remains unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional. See RooseveltProperties Co. v. Kinney (1984), 12 Ohio St.3d 7, 13, 12 OBR 6, 11,465 N.E.2d 421, 427." Id at 521.
 {¶ 23} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570, the Ohio Supreme Court held that Ohio's newly enacted sex offender statutes did not violate the retroactivity clause of the Ohio Constitution or the ex post fact clause of the United States Constitution as applied to previously convicted defendants. In State v.Williams, supra, the Ohio Supreme Court further held that those sex offender statutes did not violate double jeopardy or equal protection provisions of the United States Constitution. *Page 7 
 {¶ 24} Recently, in In re G.E.S., Summit App. No. 24079,2008-Ohio-4076, the Ninth District Court of Appeals addressed the issue of whether the Adam Walsh Act violated the retroactivity clause and the ex post facto clause. In holding that AWA did not violate the retroactive clause, the court noted that the Legislature intended the statute to apply retroactively to children adjudicated as delinquent. The Court noted that the express language in R.C. 2152.191[1] made AWA applicable to offenses committed prior to AWA's effective date of January 1, 2008.
 {¶ 25} The court, in In re G.E.S., also held that AWA, as applied to juveniles such as appellant, was remedial rather than substantive in nature. The court noted that the Ohio Supreme Court, in Cook, supra, had "analyzed the constitutionality of the former R.C. Chapter 2950 and determined that the registration and verification provisions of that Chapter were remedial in nature. Id. at 413." Id. at paragraph 10. The court further held that "the Supreme Court refused to hold that a change in the frequency or duration of a sex offender's reporting requirements transformed Chapter 2950 from a remedial statute to a statute to a substantive one. Cook, 83 Ohio St.3d at 412. Rather, the Court found that `the registration and address verification provisions of R.C. Chapter 2950 are de minimus procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950.' Id. This was true even though pre-AWA law criminalized an offender's *Page 8 
failure to comply with its registration and verification requirements. See id. at 410-12; former R.C. 2950.06(G)(1); former R.C. 2950.99.
 {¶ 26} "G.E.S. fails to explain how the foregoing pre-AWA provisions differ from AWA's provisions such that Cook's logic no longer applies. See App. R. 16(A)(7)." Id. at paragraphs 12-13. Based on the foregoing, and on the finding that AWA's "impact does not offend Ohio's prohibition on retroactive laws," the court, in In re G.E.S. found that AWA did not violate the retroactivity clause of the Ohio Constitution. Id. at paragraph 17.
 {¶ 27} As is stated above, the court, in In re G.E.S., also addressed the issue of whether AWA violated the ex post facto clause. In holding that it did not, the court, in In re G.E.S., found that the legislature expressly indicated a non-punitive intent in enacting Senate Bill 10, namely, the safety and general welfare of the people of the State of Ohio. The court, in In re G.E.S., stated, in relevant part, as follows: "The Ohio Supreme Court has concluded that the General Assembly's intent when enacting the pre-AWA statutory scheme was non-punitive as `evidenced by the General Assembly's narrowly tailored attack on this problem.' Cook, 83 Ohio St.3d at 417. The Court specifically noted that pre-AWA notification provisions only applied automatically to sexual predators and that its registration provisions only sought to distribute information to those `most likely to be potential victims.' Id. Our review of AWA as it applies to juveniles adjudicated as delinquents for sexually oriented offenses leads us to conclude that the General Assembly drafted AWA with a rational nexus to known deficiencies in the existing statutory framework and in a way that further enhances public safety." Id. at *Page 9 
paragraph 25. Finally, the court found that AWA did not have such a punitive effect so as to negate the legislature's expressed non-punitive intent.
 {¶ 28} In addition to In re G.E.S., we note that at least four other appellate courts have held that Senate Bill 10 does not violate the ex post facto clause of the United States Constitution and/or the retroactivity clause of Section 28, Article II of the Ohio Constitution. See In re Gant, Allen App. No. 1-08-11, 2008-Ohio-5198, citing to In reSmith, Allen App. No. 1-07-58, 2008-Ohio-3234. See also State v.Byers, Columbiana App. No. 07 CO 39, 2008-Ohio-5051, State v.Longpre, Ross App. No. 08CA3017, 2008-Ohio-3832, and State v.Desbiens, Montgomery App. No. 22489, 2008-Ohio-3375.
 {¶ 29} With respect to appellant's argument that Senate Bill 10 violates the due process clause by removing the trial court's discretion in determining a sex offender registrant classification, we note that the courts in Desbiens, supra. and Longpre, supra. rejected similar arguments. In Longpre, the court stated, in relevant part, as follows:
 {¶ 30} "The crux of all of Longpre's constitutional arguments is, `By tying sex-offender classification, registration, and notification requirements directly and solely to the crime of conviction, Senate Bill 10 has created a sex-offender registration scheme that is no longer remedial and civil in nature. Sex-offender registration, as it functions under Senate Bill 10, is purely punitive, and is in fact part of the original sentence.' Stated differently, Longpre asserts that Senate Bill 10 is punitive because, instead of the court looking at defendants individually to determine how dangerous they are before it classifies them, classification is now tied solely to the type of crime committed.
 {¶ 31} "We do not find Longpre's argument persuasive. The Supreme Court of the United States has already stated, The State's determination to legislate with respect *Page 10 
to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment [.]' Smith v. Doe (2003), 538 U.S. 84, 104.
 {¶ 32} "Therefore, because the premise of Longpre's constitutional arguments is based on the statute being punitive or criminal, instead of civil, his arguments would fail." Id. at paragraphs 13-15.
 {¶ 33} Appellant's second and third assignments of error are, therefore, overruled.
 IV {¶ 34} Appellant, in his fourth assignment of error, argues that he received ineffective assistance of trial counsel. We disagree.
 {¶ 35} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and whether counsel violated any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide *Page 11 
range of reasonable professional assistance. State v. Sallie,81 Ohio St.3d 673, 675 1998-Ohio-343, 693 N.E.2d 267.
 {¶ 36} Appellant contends that his trial counsel was ineffective in failing to advise the trial court that, in order to classify him as a juvenile sex offender registrant, it had to do so upon appellant's release from DYS as set forth in R.C. 2152.83(A). Appellant further argues that counsel was ineffective in failing to advise the trial court that it could not subject appellant to community notification unless it considered the factors set forth in R.C. 2950.11(F)(2)(a)-(k) and in failing to object to the trial court's classifying appellant under post-Senate Bill 10 law when appellant's offense was committed before January 1, 2008 (appellant's second and third assignments of error).
 {¶ 37} As is stated above, we overruled appellant's second and third assignments of error. We find, therefore, that trial counsel would not have been ineffective had he failed to object to the trial court's classifying appellant under post-Senate Bill 10 law. However, trial counsel, at the February 22, 2008 hearing, did "object to the constitutionality of the Adam Walsh Act as it applies to my client." Transcript of January 3, 2008 and February 22, 2008 hearings at 17.
 {¶ 38} Moreover, assuming arguendo, that counsel was ineffective in failing to advise the trial court that, in order to classify appellant as a juvenile sex offender registrant, it had to do so upon appellant's release from a secure facility as set forth in R.C. 2152.83(A), and in failing to advise the court that it had to consider the factors set forth in R.C. 2950.11(E)(2)(a)-(k), we find that appellant cannot establish he was prejudiced thereby. Based on our disposition of appellant's appeal, appellant is entitled *Page 12 
to a juvenile sex offender registrant determination upon his release from a secure facility.
 {¶ 39} Appellant's fourth assignment of error is, therefore, overruled.
 {¶ 40} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is reversed.
By: Edwards, J. Hoffman, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is reversed. Costs assessed to appellee.
[1] Such section states as follows: "If a child is adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense, if the child is fourteen years of age or older at the time of committing the offense, and if the child committed the offense on or after January 1, 2002, both of the following apply: "(A) Sections 2152.82 to 2152.86 and Chapter 2950. of the Revised Code apply to the child and the adjudication. (B) In addition to any order of disposition it makes of the child under this chapter, the court may make any determination, adjudication, or order authorized under sections 2152.82 to 2152.86 and Chapter 2950.of the Revised Code and shall make any determination, adjudication, or order required under those sections and that chapter." *Page 1