The STATE of Ohio, Appellee,

v.

ULMER, Appellant.

[Cite as *State v. Ulmer*, 182 Ohio App.3d 96, 2009-Ohio-1737.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1031.

Decided April 10, 2009.

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Jeff Simpson, for appellant.

---

HANDWORK, Judge.

{¶ 1} In this appeal from a judgment of the Lucas County Court of Common Pleas, appellant, Joshua Ulmer, pleaded guilty to two counts of unlawful conduct with a minor, both violations of R.C. 2907.04(A) and (B)(1) and felonies of the

fourth degree. The trial court sentenced appellant to serve six months at the Corrections Center of Northwest Ohio and four years of community control, with express conditions, e.g., random urinalysis. The judge further determined that under R.C. 2950.01, et seq., as amended by S.B. 10, Ohio's version of the Adam Walsh Act, appellant was a Tier II sex offender and, consequently, is required to register as such for a period of 25 years, with "in person" verification to occur every 180 days. The trial court did not impose a community-notification requirement. Appellant appeals his classification and asserts the following assignment of error:

{¶ 2} "Whether the application of Senate Bill 10 violates the United States and Ohio Constitutions? [sic]"

{¶ 3} Appellant first claims that S.B. 10 is retroactive legislation that is punitive, not remedial, in nature and, thus, violates the Ex Post Facto Clause of the United States Constitution. This court, as well as several other appellate courts, rejected this contention. See *Montgomery v. Leffler*, 6th Dist. No. H–08–011, 2008–Ohio–6397, 2008 WL 5147935, ¶ 22; *State v. Bodyke*, 6th Dist. Nos. H–07–040, H–07–041, and H–07–042, 2008-Ohio-6387, 2008 WL 5148003, ¶ 19. See also, e.g., *State v. Ellis*, 8th Dist. No. 90844, 2008-Ohio-6283, 2008 WL 5096923, ¶ 40; *In re Kristopher W.*, 5th Dist. No. 2008 AP030022, 2008-Ohio-6075, 2008 WL 4965172, ¶ 40; *State v. Byers*, 7th Dist. No. 07CO39, 2008-Ohio-5051, 2008 WL 4416519, ¶ 28. We therefore find appellant's contention on this issue meritless.

{¶ 4} Appellant next argues that S.B. 10 violates Section 28, Article II, Ohio Constitution, which prohibits the enactment of retroactive laws. This argument is found without merit on the authority of *State v. Bodyke*, ¶ 19, and *Montgomery v. Leffler*, ¶ 23. Finally, appellant maintains that S.B. 10 abrogates the separation-of-powers principle that is inherent in Ohio's constitutional framework. This constitutional challenge is found without merit on the authority of *State v. Bodyke*, ¶ 22, and *Montgomery v. Leffler*, ¶ 26. Accordingly, appellant's sole assignment of error is found not well taken.

{¶ 5} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed.

SKOW, P.J., and SINGER, J., concur.