[Cite as *In re K.W.*, 2012-Ohio-1179.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| IN RE: K. W. | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| | : | Julie A. Edwards, J. |
| | : | |
| | : | Case No. 2011AP050019 |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil Appeal from Tuscarawas County
                                Court of Common Pleas, Juvenile
                                Division, Case No. 08JD00001

JUDGMENT:                       Reversed and Remanded

DATE OF JUDGMENT ENTRY:         March 19, 2012

APPEARANCES:

For State of Ohio               For K. W.

RYAN D. STYER                   AMANDA J. POWELL
Tuscarawas County Prosecutor    Assistant State Public Defender
Tuscarawas County Prosecutor's Office   250 East Broad Street, Suite 1400
Courthouse Annex                Columbus, Ohio  43215
125 E. High Avenue
New Philadelphia, Ohio 44663

*Edwards, J.*

{¶1} Appellant, K. W., appeals from the April 21, 2011, Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On January 2, 2008, a delinquency complaint was filed in the Tuscarawas County Court of Common Pleas, Juvenile Division, alleging that appellant, who was born on April 24, 1990, committed six counts of rape (counts one, two, five, six, nine, and ten) in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree if committed by an adult, and six counts of gross sexual imposition (counts three, four, seven, eight, eleven and twelve) in violation of 2907.05(A)(4), felonies of the third degree if committed by an adult. The offenses were alleged to have been committed between January 1, 2006 through May 6, 2006 and June 15, 2007 through August 1, 2007.

{¶3} At his arraignment on January 3, 2008, appellant admitted the charges set forth in the complaint. As memorialized in a Judgment Entry filed on January 4, 2008, the trial court found that appellant was a delinquent child as defined by R.C. 2152.02 and ordered that the matter be continued to January 18, 2008, for disposition and to determine appellant's sexual offender classification.

{¶4} Pursuant to a Judgment Entry filed on February 22, 2008, the trial court committed appellant to the Ohio Department of Youth Services (DYS) for a minimum of three years and a maximum to the age of twenty-one on count one (rape) and to a minimum of two (2) years and a maximum to age twenty-one on count five (rape). The trial court ordered these commitments to run consecutively. The trial court also committed appellant to a minimum of three (3) years and a maximum to age twenty-one

on counts two, six, nine and ten and ordered such commitments to run concurrently with counts one and five. Finally, the trial court committed appellant for a minimum of six (6) months and a maximum to age twenty-one on counts three, four, seven, eight, eleven and twelve and ordered such commitments to run concurrently with counts one and five.

{¶5}   The trial court, in its February 22, 2008, Judgment Entry, also ordered that appellant be classified as a Tier III juvenile offender registrant.

{¶6}   Appellant then appealed, raising the following assignments of error on appeal:

{¶7}   "I. THE TRIAL COURT ERRED WHEN IT CLASSIFIED KRISTOPHER W. AS A JUVENILE OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THAT DETERMINATION UPON HIS RELEASE FROM A SECURE FACILITY, IN VIOLATION OF R.C. 2152.83(A)(1).

{¶8}   "II. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO KRISTOPHER W. AS THE APPLICATION OF SENATE BILL TO KRISTOPHER W. VIOLATES HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶9}   "III. THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO KRISTOPHER W. VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.

{¶10} "IV. KRISTOPHER W. WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. FOURTEENTH AMENDMENT TO THE

UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶11} Pursuant to an Opinion filed in *In re Kristopher W.*, 5TH Dist. No. 2008AP030022, 2008-Ohio-6075, this Court held, in relevant part, as follows:

{¶12} "We recognize that subsection (A)(1) of [R.C. 2152.83] is worded differently than subsection (B)(1). The General Assembly uses the word 'shall' in subsection (A)(1) rather than the word 'may.' Thus, although a juvenile court has discretion as to the type of disposition it makes, the court apparently does not have discretion to determine *when* the delinquent child can be adjudicated a sexual predator. If a child is committed to DYS, the legislature has decided that such a determination must wait until the child's release. We recognize that courts must follow a statute's plain language, regardless of the wisdom of the particular statutory provision.' *Id* at paragraph 8.

{¶13} "Based on the foregoing, we find that the trial court erred in classifying appellant as a juvenile offender registrant when it did. Such determination must be made upon appellant's release from a secure facility." Id at paragraphs 17-18. We further found that that the application of Senate Bill 10 to appellant did not violate his right to due process of law as guaranteed by both the United States and Ohio Constitutions and that the retroactive application of such Bill, which became effective January 1, 2008, to him did not violate the ex post facto clause of the United States Constitution and the retroactivity clause of Section 28, Article II of the Ohio Constitution.

{¶14} Pursuant to a Judgment Entry filed on December 30, 2008, the trial court indicated that appellant "will not be classified as a Tier III sex offender as previously

ordered by this Court." The trial court released appellant from all reporting duties that accompany such classification.

{¶15} Upon being advised that appellant was being released from the Department of Youth Services on April 24, 2011, the trial court, as memorialized in a Judgment Entry filed on March 29, 2011, set a hearing to review appellant's classification. The trial court, via a Judgment Entry filed on April 21, 2011, stated as follows:

{¶16} "[t]he court…declines to change the previous classification and therefore said Juvenile will be classified as a Tier III sex offender and subject to community notification provisions."

{¶17} Appellant appealed from the trial court's April 21, 2011 Judgment Entry, raising the following assignments of error:

{¶18} "I. THE TUSCARAWAS COUNTY JUVENILE COURT ERRED WHEN IT CONDUCTED A HEARING TO REVIEW KRISTOPHER W.'S JUVENILE SEX OFFENDER CLASSIFICATION.

{¶19} "II. THE TUSCARAWAS COUNTY JUVENILE COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO KRISTOPHER W. SECTION 28, ARTICLE II, OHIO CONSTITUTION; *STATE V. WILLIAMS*, 129 OHIO (SIC) AT.3D 344, 2011-OHIO-3374, APPLIED; R.C. 2151.01(B), R.C. 2152.01(A), (B); FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; AND, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

{¶20} On November 23, 2011, appellant filed a Motion for Leave to File an Amended Assignment of Error based on the Ohio Supreme Court's October 20, 2011,

decision in *Cases Held for the Decision in State v. Williams* -- N.E.2d --, 957 N.E.2d 289, 2011-Ohio-5348. This Court granted such motion and granted appellee leave until December 16, 2011 to file a reply brief.  Appellee subsequently filed a reply brief.

{¶21} For purposes of judicial economy, we shall address the assignments of error out of sequence.

II

{¶22} Appellant, in his second assignment of error, argues that S.B. 10 was unconstitutionally applied to him.  We agree.

{¶23} In *State v. Williams,* 129 Ohio St.3d 344, 2011–Ohio–3374, 952 N.E.2d 1108, syllabus, the Ohio Supreme Court held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws."

{¶24} Appellant was alleged to have committed the offenses in this case between January 1, 2006 through May 6, 2006 and June 15, 2007 through August 1, 2007.[1] S.B. 10, a.k.a. the Adam Walsh Act ("the AWA"), was enacted on June 27, 2007, and made effective on January 1, 2008. Accordingly, and as conceded by appellee, pursuant to the Supreme Court's ruling in *Williams,* appellant was improperly reclassified as a Tier III offender under S.B. 10.

{¶25} Appellant's second assignment of error is, therefore, sustained.

---

[1] We note that in at least one case reversed by the *Williams* case the offense occurred after July 1, 2007, but before January 1, 2008.  See *State v. Gresham*, 2nd Dist. No. 22766, 2009-Ohio-3305.  As is stated above, S.B. 10 was enacted on June 27, 2007, and became effective January 1, 2008.

I

**{¶26}** Appellant, in his first assignment of error, argues that the trial court erred when it conducted a hearing to review appellant's juvenile sex offender classification. Appellant specifically argues that the trial court had no authority to conduct a review hearing rather than an initial classification hearing in accordance with the mandate of this Court. Appellant also contends that the trial court erred in conducting a review hearing when appellant had not yet been given a valid juvenile offender sex classification pursuant to R.C. 2152.83.

**{¶27}** Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.[2]

---

[2] We note that appellee, in its December 14, 2011, reply brief, indicated that the arguments made in previous briefs regarding the first assignment of error were moot.

{¶28} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division is reversed and this matter is remanded for further proceedings.


By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d1220

[Cite as *In re K.W.*, 2012-Ohio-1179.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: K. W.                              :
                                          :
                                          :
                                          :
                                          :
                                          :        JUDGMENT ENTRY
                                          :
                                          :
                                          :
                                          :        CASE NO. 2011AP050019


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellee.


                                 _____

                                 _____

                                 _____
                                                JUDGES