[Cite as *In re K.S.R.*, 2012-Ohio-6217.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: K.S.R., DELINQUENT CHILD | : | **O P I N I O N** |
| | : | **CASE NOS. 2011-P-0061** |
| | | **and 2011-P-0062** |

Appeals from the Portage County Court of Common Pleas, Juvenile Division, Case Nos. 2011 JCA 290 and 2011 JCA 292.

Judgment: Reversed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee).

*Timothy Young*, Ohio Public Defender, and *Amanda J. Powell*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308 (For Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, K.S.R., appeals from a judgment of the Portage County Court of Common Pleas, Juvenile Division, adjudicating him as a delinquent for committing two counts of gross sexual imposition and classifying him a Tier II juvenile sex offender registrant.

{¶2} Two complaints were filed against appellant alleging him to be a delinquent child, Case Nos. 2011 JCA 290 and 2011 JCA 292. Both complaints alleged that appellant, who was 16 years old at the time of the offenses, committed sexual acts against two different 11-year-old girls. The complaints alleged that appellant was

delinquent on two counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4), and two counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1), if committed by an adult.

{¶3} Thereafter, an adjudicatory hearing was held. Appellant admitted to both counts of gross sexual imposition. Specifically, appellant stated that he used his hand to rub the inner side of each girl's thigh for the purpose of sexual gratification, and that although he was unaware of their exact ages, he knew the girls were kids. The juvenile court dismissed the rape charges on the state's motion. The court ordered appellant detained for 30 days for an Ohio Department of Youth Services ("DYS") evaluation with a sex offender component that included a probation department interview and a psychological department review.

{¶4} A dispositional hearing was subsequently held. Appellant was committed to the custody of the DYS for concurrent terms of not less than six months, and no longer than his 21st birthday. The court also classified appellant as a mandatory Tier II juvenile sex offender registrant. *See* R.C. 2950.01(F)(1)(c)(Tier II sex offender means, inter alia, a violation of (A)(4) of section 2907.05). Appellant filed timely appeals, Case Nos. 2011-P-0061 and 2011-P-0062. This court, sua sponte, consolidated both cases for purposes of briefing, oral argument, and disposition. Appellant asserts the following four assignments of error:

{¶5} "[1.] The trial court erred when it classified Kyle R. as a juvenile offender registrant because it did not make that determination upon his release from a secure facility, in violation of R.C. 2152.83(A)(1).

2

{¶6} "[2.] The juvenile court abused its discretion when it classified Kyle R. as a tier II juvenile offender registrant when it made that determination based solely on Kyle's offenses.

{¶7} "[3.] The juvenile court erred when it classified Kyle R. as a tier II juvenile offender registrant because the application of R.C. 2152.83 to him violates his right to equal protection under the law in violation of the Fourteenth Amendment to the United States Constitution; Article I, Section 2 of the Ohio Constitution.

{¶8} "[4.] Kyle R. was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, when counsel failed to object to the timing of Kyle's classification hearing and failed to argue against a tier II classification."

{¶9} This court has recently addressed these same four issues in a very similar case, *In re J.A.D., II*, 11th Dist. No. 2012-P-0006, 2012-Ohio-5226. In *J.A.D.,* a juvenile who was 17 years old at the time of the offense admitted to one charge of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony if committed by an adult. The trial court accepted the admission. *Id.* at ¶2. The juvenile court then committed appellant to the custody of the DYS for not less than two years and no longer than his 21st birthday. The court further classified him as a Tier III juvenile offender registrant. *Id.* On appeal, the appellant in *J.A.D.* submitted the same issues for our review as appellant has raised in this case. *Id.* at ¶4, 21-23.

{¶10} In his first assignment of error, appellant here argues the juvenile court erred in classifying him as a juvenile offender registrant because it did not make that determination upon his release from a secure facility, in violation of R.C. 2152.83(A)(1).

3

R.C. 2152.83(A)(1) governs when a court is required to classify, for purposes of registration, a first-time juvenile sex offender that is 16 or 17 at the time the offense was committed. It provides:

{¶11} "(A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility, an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

{¶12} "(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

{¶13} "(b) The child was sixteen or seventeen years of age at the time of committing the offense.

{¶14} "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code."

{¶15} Appellant was born on October 23, 1993. The crimes were committed in July of 2010. Thus, he was 16 years old at the time he committed the offenses. Appellant was committed to the custody of the DYS, a secure facility, at the disposition hearing. Appellant alleges that according to the language of the statute, he should not

have been classified until his release from the DYS, rather than at the disposition hearing.

**{¶16}** Contrarily, the state contends the trial court possessed the discretion to either classify appellant at the disposition hearing or upon release from a secure facility. In support, the state analogizes R.C. 2152.83 (A)(1) with R.C. 2152.83(B)(1), the subsection addressing the classification of 14 and 15 year old juvenile sex offenders. Under subsection (B)(1), the juvenile court has the discretion to classify a child sex offender at either the dispositional stage or upon release from a secure facility. The state proposes this court should read subsection (A)(1) in the same fashion as subsection (B)(1). Based on our prior determination in *In re J.A.D.*, we agree with appellant and reject the state's argument.

**{¶17}** Appellant raised no objection below regarding the June 13, 2011 classification. Thus, we will review appellant's argument under a plain error analysis. "It is well established that 'the failure to object [at the trial court level] constitutes a waiver of any claim of error relative thereto, unless, *but for the error, the outcome of the [proceeding] clearly would have been otherwise.*' (Emphasis added.)" *State v. Schlee*, 11th Dist. No. 2004-L-070, 2005-Ohio-5117, ¶28, quoting *State v. Underwood*, 3 Ohio St.3d 12, syllabus (1983), citing *State v. Long*, 53 Ohio St.2d 91 (1978); Crim.R. 52(B). "Furthermore, 'notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, citing *State v. Gordon*, 11th Dist. No. 92-A-1696, 1996 Ohio App. LEXIS 1078, *3-4 (Mar. 22, 1996), quoting *Long* at paragraph three of the syllabus.

**{¶18}** On this point, this court stated as follows in *In re J.A.D.*:

{¶19} "R.C. 2152.83(A)(1) mandates that a juvenile court classify the juvenile offender, for sex offender registration purposes, at one of two times, depending on the nature of the court's order. If the juvenile offender is not committed to the custody of a secure facility, the juvenile court is required to classify the offender as part of its dispositional order. If, as here, the offender is committed to the custody of a secure facility, the court is required to classify the offender at the time of the offender's release from the secure facility. The clear language of R.C. 2152.83(A)(1) does not give a juvenile court any discretion as to the timing for classifying a juvenile sex offender for registration. Multiple districts in this state have ruled accordingly. *In re P.B.*, 4th Dist. No. 07CA3140, 2007-Ohio-3937, ¶8 ('although a juvenile court has discretion as to the type of disposition it makes, the court apparently does not have discretion to determine *when* the delinquent child can be adjudicated a sexual predator. If a child is committed to DYS, the legislature has decided that such a determination must wait until the child's release.'); *In re Kristopher W.,* 5th Dist. No. 2008 AP 03 0022, 2008-Ohio-6075, ¶18 (where juvenile committed to custody of DYS, his classification 'must be made upon his release from a secure facility.'); *In re H.P.*, 9th Dist. No. 24239, 2008-Ohio-5848, ¶14 ('[i]n cases where a juvenile is committed to a secure facility, [the juvenile court] must wait to classify the juvenile upon his release from the secure facility.'); *In re T.D.*, 12th Dist. No. CA2010-01-002, 2010-Ohio-6081, ¶28 ('the timing for sex offender classification [under R.C. 2152.83(A)(1)] is dictated by the commitment of the child to a secure facility or the lack thereof.')

{¶20} "In the instant matter, the juvenile court issued its classification as part of the dispositional order. In doing so, the court ran afoul of the unambiguous statutory

6

language. We therefore conclude that the juvenile court committed plain error in classifying appellant as part of the dispositional order. As a result, we hold the juvenile court's order must be reversed and vacated." *Id.* at ¶17-18.

{¶21} Similarly, here, the juvenile court issued its classification of appellant as a Tier II sex offender as part of the dispositional order. Accordingly, based on the foregoing holding in *In re J.A.D.*, we conclude that the juvenile court committed plain error and that its order must be reversed and vacated. Appellant's first assignment of error has merit and is well-taken.

{¶22} Appellant's second and third assignments of error each challenge aspects of the classification order entered as part of appellant's dispositional order. In his second assignment of error, appellant contends the juvenile court erred in classifying him as a Tier II juvenile offender registrant when it made that determination based solely on his offenses. In his third assignment of error, appellant alleges the juvenile court erred in classifying him as a Tier II juvenile offender registrant because R.C. 2152.83 is an unconstitutional statute that violates his equal protection rights under the United States and Ohio Constitutions.

{¶23} The record reflects that appellant did not raise either of these two issues during the juvenile court proceedings.

{¶24} As stated in *In re J.A.D.*:

{¶25} "Pursuant to our analysis of appellant's first assignment of error, the trial court lacked authority to classify appellant via the dispositional order. That order is therefore vacated and appellant's classification must be postponed until he is released from DYS. *Because appellant cannot be classified until his release, any challenge to*

*the substance of the trial court's erroneous classification or the constitutionality of the scheme is premature and not ripe for review.*"  *Id* at ¶24. (Emphasis added).

{¶26}  Accordingly, as in *In re J.A.D.*, appellant's challenge to the substance of the trial court's classification of him as a Tier II sex offender and to the constitutionality of R.C. 2152.83 is premature and not ripe for review.  Moreover, appellant may raise these issue before the trial court when appellant is classified.  Thus, appellant's second and third assignments of error will not be considered at this time.

{¶27}  In his fourth assignment of error, appellant maintains his counsel was ineffective in failing to object to the timing of his classification hearing and in failing to object to a Tier II classification.

{¶28}  Regarding these arguments, we said in *In re J.A.D.*:

{¶29}  "Appellant first argues counsel was ineffective for failing to object to the timing of the court's classification. This argument is moot.  Specifically, the court committed plain error when it classified appellant as part of the dispositional order.  By noticing plain error, the prejudice appellant suffered by counsel's failure to object was cured.  Appellant's argument on this point is therefore overruled."

{¶30}  "Appellant next asserts counsel was ineffective for failing to object to the nature of his classification.  Pursuant to our resolution of appellant's first assignment of error, however, the trial court's act of classifying appellant as a Tier III offender was a nullity.  * * * [I]t did not have the authority to so classify appellant when it did and, as a result, that classification must be vacated.  Because appellant cannot be classified until his release from DYS, counsel's failure to object to the nature of the classification is inconsequential. Appellant's argument, therefore, lacks merit." *Id.* at ¶27-28.

8

{¶31} Accordingly, based on the foregoing reasons outlined in *In re J.A.D.* at ¶27-28, appellant's fourth assignment of error does not have merit.

{¶32} For the reasons discussed in this opinion, appellant's second and third assignments of error are not yet ripe for resolution. Appellant's fourth assignment of error is overruled. However, appellant's first assignment of error is sustained because the trial court prematurely classified appellant for purposes of registration in its dispositional order. Therefore, it is the judgment and order of this court that the portion of the dispositional order classifying appellant is reversed and vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.