[Cite as *In re M.R.*, 2017-Ohio-4134.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

IN RE:  M.R.                                    )
                                               )
                                               )
                                               )
                                               )          CASE NO. 14 JE 0035
                                               )
                                               )          OPINION
                                               )          AND
                                               )          JUDGMENT ENTRY

CHARACTER OF PROCEEDINGS:          Motion to Certify a Conflict

JUDGMENT:                          Motion denied.

APPEARANCES:
For State of Ohio-Appellee          Attorney Michael Dewine
                                    Ohio Attorney General
                                    Attorney Stephen E. Maher
                                    Assistant Attorney General
                                    150 East Gay Street, 16th Floor
                                    Columbus, Ohio 43215-3400


For Minor Child-Appellant           Attorney Brooke M. Burns
                                    Office of the Ohio Public Defender
                                    250 East Broad Street
                                    Columbus, OH 43215



JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb



                                    Dated: June 5, 2017

PER CURIAM.

{¶1} M.R., minor child-Appellant, filed a motion requesting that we certify a conflict to the Ohio Supreme Court between this court's December 30, 2016 judgment in the instant case, *In re M.R.*, 7th Dist. No. 14 JE 0035, 2016–Ohio–8545, and cases from the Fourth, Fifth, Ninth and Eleventh Districts regarding the timing mechanism contained in R.C. 2152.83(A)(1). The State of Ohio-Appellee, filed a memorandum in opposition.

{¶2} A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio. Section 3(B)(4), Article V, Ohio Constitution. In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶3} M.R. has set forth the following issue which he contends requires certification to the Ohio Supreme Court:

Does the plain language of R.C. 2152.83(A) authorize a juvenile court to classify a first-time 16 or 17 year old juvenile offender as a sex offender registrant before the child's release from a secure facility?

{¶4} R.C. 2152.83(A)(1) provides:

The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue **at the time**

**of the child's release from the secure facility** an order that classifies the child a juvenile offender registrant *    *    *

**{¶5}** In furtherance of his argument M.R. cites cases from several of our sister districts. All of these cases involve juveniles who were classified at disposition as opposed to at the time of the release from a secured facility. Although *In re P.B.* 4th Dist. No 07CA3140, 2007-Ohio-3937 discussed R.C. 2152.83(A)(1), that case did not address the meaning of the phrase "at the time of the child's release." In fact, in *P.B.* the child had not actually been released from DYS. *Id.* at ¶ 10. This is also what occurred in the conflict cases cited by M.R. from the Fifth District (*In re Kristopher W*, 5th Dist. No. 2008 AP 0022, 2008-Ohio-6075), the Eleventh District (*In re J.A.D.*, 11th Dist. No. 2012-P-0006. 2012-Ohio-5225 and the Ninth District (In re A.K., 9th Dist. No 09CA0025-M. 2009-Ohio-4941).

**{¶6}** M.R. has not met the standard for conflict certification because the present matter is distinguishable from the cited cases and was not decided "upon the same question" as those cases. *Whitelock*, supra. In the present case the classification was made at the time of M.R.'s release from a secured facility, not at his disposition hearing like the cited cases. *In re M.R.*, ¶ 2. Accordingly, M.R.'s motion to certify a conflict is denied.

DeGenaro, J., concurs.
Donofrio, J., concurs.
Robb, P.J., concurs.